NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 31 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS HORACIO FALOMIR-MONTOYA, | No. 18-71794 |
| Petitioner, | Agency No. A014-179-774 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2022**
Pasadena, California

Before:  M. SMITH and R. NELSON, Circuit Judges, and DRAIN,*** District
Judge.

Petitioner, Jesus Horacio Falomir-Montoya, a native and citizen of Mexico,

seeks review of the Board of Immigration Appeals' (BIA) dismissal of his appeal

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Gershwin A. Drain, United States District Judge for
the Eastern District of Michigan, sitting by designation.

of the denial of his application for a waiver of inadmissibility pursuant to former Immigration and Nationality Act (INA) § 212(c). The parties are familiar with the facts, and so we do not recount them here. We review findings of fact for substantial evidence and questions of law de novo. *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016). We have jurisdiction pursuant to 8 U.S.C. § 1252(a) and we deny the petition for review.

1. Petitioner argues that the Department of Homeland Security (DHS) never properly alleged his 1996 theft conviction as support for the charge of deportability and that he adequately raised this issue to the BIA. The government did not allege this conviction in either the 1988 or the 1989 Order to Show Cause (both issued before the crime was committed) but did raise it as an allegation supporting deportability in 2013 using a Form I-261.[1] The BIA determined that Petitioner waived his claim that the conviction was not properly alleged because, in his briefing to the BIA, Petitioner stated only facts and failed to argue that what had happened was "erroneous, prejudicial, or that his right to fair notice was somehow compromised." Because Petitioner raises a constitutional due process argument here, we have jurisdiction to review the merits even though the issue was not administratively exhausted before the BIA. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). The Form I-261 alleged the facts of the 1996 offense "in addition

---

[1] A Form I-261 allows the government to add or substitute charges of deportability and factual allegations. 8 C.F.R. § 1003.30.

to those set forth in the original charging document." "At any time during the proceeding, additional . . . factual allegations may be lodged by DHS in writing." 8 C.F.R. § 1240.10(e). Petitioner, through counsel, conceded to the facts alleged in Form I-261. The government properly alleged that the 1996 conviction supported the charge of deportability.

2. Petitioner argues that the BIA erred in finding Petitioner's convictions were crimes involving moral turpitude without conducting a divisibility analysis. The BIA was not required to perform a divisibility analysis to conclude Petitioner's convictions were crimes involving moral turpitude. That is because Petitioner conceded in 1990, and again in 2015, that he was deportable and had been convicted of two crimes involving moral turpitude. Petitioner's concessions are binding, and the BIA may rely on them. *See Perez-Mejia v. Holder*, 663 F.3d 403, 414 (9th Cir. 2011) (holding that the modified categorical approach need only apply when the noncitizen's concessions leave material issues in dispute, or when the Immigration Judge (IJ) is not satisfied with them).

3. The BIA did not err as a matter of law in determining that the IJ did not abuse his discretion in denying the § 212(c) waiver of inadmissibility application. Petitioner claims that the IJ relied on testimony from bond proceedings not in the record and ignored other testimony. We have jurisdiction to review this issue because Petitioner raises "constitutional claims or questions of law." U.S.C. §

3

1252(a)(2)(D). "[T]he BIA abuses its discretion when it fails to consider all favorable and unfavorable factors bearing on a petitioner's application for § 212(c) relief." *Zheng v. Holder*, 644 F.3d 829, 833 (9th Cir. 2011). Here, the BIA said explicitly that it did not rely on statements from a bond hearing not in the record and the BIA weighed the positive and negative equities based on evidence in the record. We generally presume that the BIA "thoroughly considers all relevant evidence," *Szonyi v. Whitaker*, 915 F.3d 1228, 1238-39 (9th Cir. 2019), and nothing in the record indicates otherwise. The BIA did not abuse its discretion in denying relief.

4. Petitioner contends that he suffered a due process violation because some of the transcripts of proceedings before the IJ are incomplete so the BIA could not fully review his claim. However, Petitioner does not show how these gaps affected the outcome of his case. To prevail on this claim, Petitioner must demonstrate "prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Reyes-Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir. 2003). As to any deficiencies in the record, Petitioner has not shown how they would affect his concession that he is deportable or the denial of his inadmissibility waiver, given that the BIA only relied on the record to balance the equities. Missing transcripts that do not bear on the merits of his application could not have prejudiced the outcome of the proceedings.

5. The BIA correctly concluded that the IJ did not abuse his discretion in denying Petitioner additional time to find counsel. IJs must allow noncitizens "reasonable time to locate counsel." *Biwot v. Gonzales*, 403 F.3d 1094, 1099 (9th Cir. 2005). "We review for abuse of discretion an IJ's denial of a continuance." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). The IJ allowed nine continuances for Petitioner to obtain counsel between December 29, 2015 and October 21, 2016 before finally holding the inadmissibility waiver hearing. Petitioner did not ask for another continuance and had been in deportation proceedings since 1988. The IJ did not abuse his discretion in not offering a tenth continuance sua sponte.

**PETITION FOR REVIEW DENIED.**